## Case No. 3,103.

### CONLEY v. The G. C. BARRAS.

[6 Ben. 12.][1]

District Court, E. D. New York. March, 1872.

Seamen's Wages—Freight—Irregular Practice.

1. A libel was filed against a cargo of coal on board of a canal-boat and against her master, to enforce a lien for seaman's wages, upon freight money alleged to be due from E. & M. on the cargo. The cargo was seized, and was claimed by the C. S. Company. But the only answer put in was one by E. & M. It appeared that E. & M. had chartered the boat of her master for a specified rate, and that, before the commencement of the action, and without notice of the libellant's demand, they had paid to the master all the money due from them under the charter. It also appeared that the cargo was shipped by the C. S. Co. under an agreement with E. & M. for freight payable to E. & M., which was due and unpaid at the filing of the libel. Held, that the practice had been irregular, but the irregularity would not be noticed, as no objection had been taken to it.

2. It was not necessary to determine whether the libellant could maintain an action to charge the charter money payable by E. & M. with a lien for wages, as such charter money had been paid over to the master without notice before the commencement of the suit.

3. The freight money due from the C. S. Co. to E. & M. could not be held, because the libellant had not in his libel sought to charge it.

4. The libellant was entitled to a decree against the master.

[In admiralty. Libel by Pardon Conley against the freight of the canal-boat G. C. Barras, and Frank Williams, her master.]

A. Nash, for libellant.

Goodrich & Wheeler, for claimants.

BENEDICT, District Judge. This is an action by Pardon Conley to enforce a lien for wages upon certain freight money, alleged to be due for the transportation of a cargo of coal from Baltimore to New York in the canal-boat G. C. Barras, during which transportation the libellant was employed in navigating the boat. The master of the boat is likewise made a party defendant. and a decree in personam against him is also prayed for.

The cargo in question, which has been seized. is claimed by the Cunard Steamship Company. But the only answer interposed is that of the firm of Easton & McMahon, who, without objection. have interposed an answer, and have proved that they chartered

---

[1] [Reprinted by permission.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

the boat G. C. Barras to go where they might elect to send her, and carry such freight as they might desire to ship, for the compensation of five dollars per day, the master agreeing on his part "to keep at all times on said boat one able-bodied seaman besides the captain thereof;" and that before the commencement of this action, and without notice of the libellant's demand, they paid to the master all the charter money due from them under such charter. It also appears in evidence that the coal in question was shipped by the Cunard Steamship Company, to be transported under an agreement with Easton & McMahon for freight payable to Easton & McMahon, and that of such freight money, a greater sum than the amount claimed by the libellant was due at the time of filing the libel and the seizure of the cargo. Upon these facts the court is asked to decree that the freight money due from the Cunard Steamship Company is charged with a lien to the extent of the libellant's demand.

It is unnecessary to notice here the irregularities of practice which this case discloses, as no objection has been taken to the mode of procedure. Nor is it necessary to determine whether under any circumstances the libellant could maintain an action to charge the charter money payable by Easton & McMahon, it appearing in evidence that all such money had been in good faith and without notice paid over to the master before the commencement of the suit. And in respect to the liability of the freight money, which, at the time of the seizure of the cargo, was due by the Cunard Steamship Company to Easton & McMahon, it is sufficient to say that the libel nowhere seeks to charge that fund. The cargo was indeed seized, but the action is against the money due by Easton & McMahon. No other freight is mentioned in the libel, and that is mentioned as the fund which the libellant seeks to charge with a lien. But, as before stated, the evidence shows that no part of that fund remained unpaid at the commencement of this action. The libellant must therefore fail so far as his action relates to freight moneys. He is entitled to a decree against the master, by default, no appearance or defence having been interposed by him.